## No. 74.

### Widow L. Sarat *v.* Widow George L'Hote.

1. Where a mortgage creditor has sold, at public sale, and bought in the sole property of an estate, retaining all, or a part of the price upon his mortgage claim, the widow and heirs, claiming homestead, may pursue such purchaser, so long as their claim is not barred by prescription, or otherwise abrogated.

2. The Article of the Civil Code. 1188, regulating the opening of dividends, is not applicable to such a case.

3. When the widow and minors occupy property of the estate, its rental value, during such occupancy, must be deducted from the homestead. 26 La. An. 539; 29 La. An. 412.

4. So, also, the value of household furniture appropriated to their use. 26 La. An. 539; 28 La. An. 638.

5. The admissibility of the inventory of an estate, as against a third person, questioned.

6. The widow and minors have not an untramelled choice as to the particular fund or property out of which they will satisfy their claim. They are restricted to the proceeds of unencumbered property, where there is enough of such, and if not, must attack the junior mortgages, before seeking payment at the expense of older ones.

7. When seeking, as in this case, to appropriate all, or a portion of the proceeds of property specially mortgaged, the burthen is upon the widow and heirs to show the absence of other available property, not encumbered, or affected only by younger mortgages.

8. Where a party withholds documents, or evidence, which it was his duty to have

furnished, the presumption is that, if produced, they would have been unfavorable to him.

9. Where there are other causes justifying suspicion, a long delay in bringing suit may itself be considered as a suspicious circumstance.

*Appeal from the Sixth District Court. Rightor, J.*

*J. A. Seghers* for plaintiff.

*W. E. Murphy* for defendant.

McGLOIN, J.—André Dubuch died intestate, in this city, about September 12th, 1872, and his widow, plaintiff herein, qualified as administratrix of his succession and as natural tutrix of his children. He left movable and real property. There was also a policy of insurance upon his life, for five thousand dollars, standing in the name of one James Wood. In the inventory the widow declared that, although in the name of said Wood, the policy really belonged to the estate, and was in the name of James Wood only to secure him for premiums paid by him and subsequently reimbursed. The real estate was specially mortgaged to defendant, who, on January 20th, 1873, proceeded *via executiva* to sell the same, to satisfy her claim. It was sold, and bought in by plaintiff, bringing less than her mortgage, on the 24th March, 1873. On September 6th, 1875, plaintiff brought this suit, alleging that she, as widow of André Dubuch, and the minor children of her marriage with him, were, at the time of his death, in necessitous circumstances; that the succession of said Dubuch is insolvent; that there is no other available property but the real estate in question, to meet her demand, and that her privilege was superior to the mortgage of defendant, etc.

Defendant resists this demand on various grounds. In the first place, she contends, that it is now too late for the widow and minors to present their claim, the property in question having passed out of the succession, and its proceeds been distributed, without opposition or intervention on the part of plaintiffs. We do not consider this defence tenable. Had the fund realized by the sale of this property passed through the hands of an executor, curator, or administrator, been made the subject of a tableau

of distribution, duly published and homologated, and been thereafter distributed, no doubt, the widow and minors, like other creditors, would be affected by Article 1188, Civil Code, regulating the opening of dividends, and we would be called upon to determine its application. Here, however, the said fund did not pass into the hands of the representative of the estate, nor figure upon any account therein, and Article 1188 is clearly inapplicable. Under circumstances such as are herein presented, we see no valid reason why the widow and minors, so long as their demand be not barred by prescription, or otherwise legally abrogated, cannot pursue the fund, if affected in their favor, at any time after the sale. There is nothing in the nature of a judgment or judicial distribution to be disturbed, and the mortgage creditor is not injured and can find it no more unpleasant now to refund, than she would have considered it, had the proceeds been taken from her before they left the sheriff's hands.

In the case of Quertier & Co. vs. Succ. Hill, 21 La. An. 432, the Supreme Court said :—" They (the widow and minors) are not too late, so long as they have not concluded themselves, and the fund may be reached by them."

It is shown that the plaintiff and the minors resided in the property in question for six months and a half, after the death of Dubuch, and that the rental was worth forty dollars per month, and defendant contends that this should be deducted. The Supreme Court of this State has settled this issue favorably to defendant. Succ. Drumm, 26 La. An. 539; Succ. Marc. 29 La. An. 412. The object of the homestead is to sustain, for a time, at least, the indigent family of deceased persons ; and shelter, according to their condition in life, is essential to their comfort. Whether the estate pay in money, what will secure such shelter, or furnish it in kind, can make no practical difference to the beneficiaries. This deduction would amount to two hundred and sixty dollars.

It is also conceded, that the widow has retained and applied to her own use, the household effects of the deceased, and it is urged that their value should also be deducted. This position is also

supported by the authorities.    Succ. Drumm, 26 La. An. 539;
Succ. Fontelieu, 28 La. An. 638.

There is a contest, however, between these litigants, as to the
value of these effects.    The inventory and appraisement in the
succession fix their value at $214 15.    Defendant objected to the
admission of this inventory, upon the ground that it was *res
inter alios acta*, and in its nature only binding upon such as the
law requires to participate at its execution, and whose notifica-
tion is directed by the Code.

Its admissibility, as against defendant, *and in the face of this
objection*, would be questionable, were it not for the fact, that de-
fendant has herself advanced this inventory, and its recitals, by
way of estoppel, and she cannot be permitted to assume contrary
positions upon the same matter; seeking at one time to intro-
duce this instrument to our notice, and at another to exclude it.
The defendant has submitted very strong evidence to fix a
greater value upon this property, but we are relieved from the
necessity of determining this issue, by controlling conclusions
arrived at upon other points.

It will be observed, that the widow and minors here seek to
satisfy their claim, not out of the general and unencumbered
funds of the estate, but out of the proceeds of property affected
by a special mortgage.    We do not consider that the widow and
minors have untramelled choice in this matter, and can arbitra-
rily select the funds or properties to be applied to the satisfac-
tion of their privilege.    Like other creditors, whose privilege
covers both movables and immovables, they must look first to
the unencumbered property, and can contest, with a mortgage
creditor, over the fund or property covered by the mortgage,
only when there are no other assets, unencumbered, or encum-
bered only by younger mortgages.    C. C. 3269, 3270; Succ. Marc;
29 La. An. 414; Succ. Devron. 11 La. An. 482; Succ. Cerise, 24
La. An. 96; Succ. Rousseau, 23 La. An. 1; Succ. O'Laughlin, 18
La. An. 142; Deverges vs. Creditors, 18 La. An. 169; Succ.
Lauve, 18 La. An. 721.

As this right to compete with mortgage creditors is conditional

upon necessity, the party seeking to exercise it must, as in the case of any other remedy, arising only under particular circumstances, show that the condition exists; or, in other words, that there is no other property, unencumbered and sufficient to meet the claim. The furnishing of such evidence was recited as one of the necessary items of proof, furnished by the claimant and entitling her to the Homestead in Succession of Cerise, 24 La. An. 96.

We, therefore, consider that the burthen of proof was upon plaintiff to show that this policy of insurance for five thousand dollars was worthless to the succession, before she could reach the fund she is now pursuing. As administratrix, she sued the Insurance Company, and carried on the litigation for some time, and suddenly, before adverse judgment and without any sufficient cause, apparent in the record of that suit, as furnished to us, discontinued the same. In the petition in that cause, she reiterated the statement made in this connection in the inventory. These were solemn declarations by the widow, administratrix of the succession and tutrix of the minors, made in face of two different courts of justice, that the insurance was an asset of the succession, nominally placed in the name of another; and whether conclusive upon the widow, or not, or upon the heirs, they furnish at least some proof of the facts declared. The evidence in that case, filed in this, also leads us to infer that these statements were correct, and that James Wood had a claim on said policy, for less than its face, if he had any at all. It shows, that about the time of taking out the policy, Dubuch bought a grocery store and its contents from Wood for $3,734.70, giving four notes, for something over $900 each, payable in three, four, six and nine months after date. He also leased from Wood the premises in which said grocery was conducted, for three years, at $2,400 per year, giving thirty-six rent notes of $200 each. There is no other transaction shown, between Woods and Dubuch, out of which a debt could arise, and we take it, that these were the debts to secure which the policy was executed. Yet, all of these

rent notes, duly cancelled, were produced, by the widow administering, and the three last of the notes, given for the store, were also produced. This would leave only the first of the series of the notes given for the grocery not accounted for, and in default of contrary proof, the inference is legitimate, that it was paid also, because the parties would certainly have concerned themselves about it, before attributing moneys passing between them, to so many notes of subsequent maturity. This would leave open only the premiums which Wood swears he paid, which could not have been for a very large sum, as Dubuch died in about two years after the execution of the policy.

Again, plaintiff in her petition in the suit against the Insurance Company, alleges that the old debt was paid, and that a new assignment of the policy thereafter made, to secure Woods in paying premiums. In this suit was offered, as evidence, the application for insurance. It was objected to, upon various grounds, and finally admitted by the court *a qua*, with the understanding that the policy itself was to be produced, or the application be stricken out. This promise was never complied with, either by original, or copy, or proof of contents and endorsements. The language of the petition against the Insurance Company, may be construed into a declaration that an agreement, or assignment, conserving the interest of Dubuch, was endorsed upon the policy itself. James Wood was placed upon the stand by plaintiff, and no proof was made by him, that he had applied to his own use, all the fund received from the policy. Neither did the plaintiff herself so swear, at any time, during the course of the litigation. We consider that it was the duty of plaintiff, as it was in her power to do, to throw full light upon the whole subject, and if she has abstained from so doing, the presumption is a legitimate one, that she was guided in such course by self-interest, and that the disclosures would have been adverse to her. N. O. Draining Co. vs. DeLizardi, 2 La. An. 288; Saulsbury vs. Ray, 7 Rob. 32; Winston vs. Prevost, 6 La. An. 164; Stocks vs. Ferguson, 10 La. An. 132.

At all events, the burthen of proof was upon her, to show, con-

trary to her solemn declarations, that this insurance was not an asset of the succession, and that she did not realize anything therefrom, before she can disturb defendant. This she has not done, but on the contrary, from all the circumstances of the case, we are led strongly to suspect, that her uncalled for abandonment of the further prosecution of the matter, was the result of some secret understanding, whereat a settlement of the controversy was arrived at, to her satisfaction.

The long delay in bringing this demand, while it may not have barred the suit, furnishes strong corroboration to this theory. The Judge *a quo* arrived at the conclusion that plaintiff was not entitled to recover, and we agree with him.

Judgment affirmed with costs in both courts.